IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv330
(3:07cr114)

| | |
|---|---|
| ALEJANDRO DIAZ-GUTIERREZ, )<br>)<br>Petitioner, )<br>v. )<br>)<br>UNITED STATED OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 filed on July 21, 2010 (Doc. No. 1). For the reasons stated below, Petitioner's Motion to Vacate will be denied and dismissed.

I. PROCEDURAL HISTORY

On August 29, 2007, Petitioner was charged in a one-count Superseding Bill of Indictment with reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). (Case No. 3:07cr114, Doc. No. 15: Superseding Bill of Indictment.). On November 6, 2007, Petitioner proceeded to trial before a jury and on the same day, the jury returned a guilty verdict against the Petitioner. (Id., Doc. No. 27: Jury Verdict). On August 27, 2008 Petitioner appeared before the Court for a sentencing hearing. The Court sentenced Petitioner to 71 months imprisonment to be followed by two years of supervised release. (Id., Doc. No. 36: Judgment.)

Petitioner filed a notice of appeal on November 29, 2007. On appeal, Petitioner argued that the admission of a warrant of deportation into evidence violated the Confrontation Clause of the Sixth Amendment. On December 7, 2009, the Fourth Circuit issued an unpublished opinion

affirming the Petitioner's conviction and sentence specifically concluding that the district court did not err in admitting the warrant of deportation into evidence. United States v. Gutierrez, (354 Fed. App'x 774 (4th Cir. 2009). On January 11, 2010, Petitioner filed a petition for writ of certiorari in the United States Supreme Court, which was denied on February 22, 2010.

On July 21, 2010, Petitioner filed the instant Motion to Vacate alleging: (1) that the Government failed to establish Petitioner's guilt because at trial the prosecution presented an immigration official to testify as to Petitioner's deportation who was not a part of Petitioner's deportation; (2) the Court improperly redacted the I-205 form; (3) he was deprived of his right to an impartial jury in violation of the Sixth Amendment when court staff entered the jury room during jury deliberations; and (4) his counsel was ineffective for failing to object when court staff entered the jury room during deliberations

## II. LEGAL DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief. If the petitioner is not entitled to relief, the motion must be dismissed. Following such review, it plainly appears to the Court that Petitioner is not entitled to any relief on his claims.

### Procedural Bar

Petitioner argues that the Court erred by allowing an immigration official who did not actually witness Petitioner's deportation to be the only evidence that Petitioner was previously deported. Petitioner also argues that the Court improperly redacted his I-205 form and that Court staff violated his right to an impartial jury by improperly entering the jury room while the jury was deliberating. Petitioner did not raise these issues in his appeal to the Fourth Circuit Court of

2

Appeals.[1] Generally, claims that could have been, but were not raised on direct review are procedurally barred. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998). It is well settled that collateral attacks under 28 U.S.C. § 2255 are limited to claims of constitutional magnitude or to errors which inherently result in a complete miscarriage of justice. See United States v. Addonizio, 442 U.S. 178, 184-86 (1979). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of or that he is actually innocent.[2] See United States v. Mikalajunas, 186 F.3d 490, 492, 93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)).

Cause means some impediment. United States v. Smith, 241 F.3d 546, 548 (7th Cir. 2001). The existence of cause for procedural default must turn on something external to the defense. Murray v. Carrier, 477 U.S. 478, 488 (1986). In order to establish "actual prejudice" the defendant must show "not merely that the errors at his trial create[d] a possibility of prejudice, but that they

---

[1] On appeal, Petitioner argued that the admission of his warrant of deportation violated the Confrontation Clause, in part, because the redacted warrant included the signature of an immigration official who witnessed Petitioner's deportation, but that official did not testify. Instead another immigration official, Special Agent Duey, testified concerning the contents of the I-205 form. To the extent Petitioner's current claims can be construed as actually or impliedly having been raised as part of his direct appeal, such claims would be foreclosed by the law of the case doctrine as Petitioner has not directed the Court's attention to any intervening change in the law which would authorize him to re-litigate this claim in this proceeding. The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). Issues previously decided on direct appeal cannot be recast in the form of a § 2255 motion. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) ("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under Section 2255.")

[2] Petitioner makes no claim of actual innocence.

worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Frady, 456 U.S. 167-68 (1982).

In this case, Petitioner has not met his burden in establishing cause for failing to raise this claim on direct appeal.[3] Therefore, Petitioner's claims are procedurally barred.

Ineffective Assistance of Counsel

Next, Petitioner argues that his counsel was ineffective for failing to object when court staff entered the jury room during deliberations. To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992).

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting United States v. Frady, 456 U.S. 142, 170 (1982)). Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31). Therefore,

---

[3] On his form motion, when asked why he did not raise the issues regarding the redacted document on appeal, Petitioner stated he thought counsel did his best to raise all grounds , but he did not, after the Defendant told his counsel. " (Motion to Vacate at 6). The Court notes when asked the same question with respect to his first claim, Petitioner checked the box indicating that he did raise the issue on appeal. (Motion at 4.) Regarding his claim that he was deprived of an impartial jury because court staff entered the jury room while the jurors were deliberating, Petitioner states that he did not raise the issue on appeal because "the defendant counsel did not issue to make a scene. The defendant told his counsel to do so." (Motion at 7.)

if Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290 (citing Strickland, 466 U.S. at 697).

Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'"

Petitioner contends that his counsel was ineffective for failing to object to two instances where Court staff entered the jury room during deliberations. The Sixth Amendment guarantees a criminal defendant the right to a trial by an impartial jury. See Duncan v. Louisiana, 391 U.S. 145, 147-49 (1968). The Supreme Court has held that a defendant alleging improper juror contact must demonstrate actual prejudice. Smith v. Phillips, 455 U.S. 209 (1982). However, a hearing is not required every time a mere possibility of juror bias is raised. Indeed, in order to be entitled to a Remmer [4] hearing, a defendant "must do more than simply raise the possibility of bias." United States v. Vining, 224 Fed. App'x 487, 492 (6th Cir. 2007). A defendant must "come[] forward with clear, strong, substantial and incontrovertible evidence that a specific, non-speculative impropriety has occurred." United States v. Ianniello, 866 F.2d 540, 543 (2d Cir. 1989) (internal quotation omitted).

Here, Petitioner argues that the first improper contact between court staff and the jury occurred during the trial and cites to page 74 of the transcript at line 15. The Court has reviewed this reference to the transcript and concludes that Petitioner has not established either prong of the

---

[4] Remmer v. United States, 347 U.S. 227 (1954)

5

Strickland test as to this claim. Indeed, at page 74 of the transcript at line 15, the Court asked his courtroom deputy to check on the jury and see if they needed the remaining fifteen minutes of their recess. The courtroom deputy did so and reported that one juror was smoking but, as soon as he came back, the jury would be ready to re-enter the courtroom. Petitioner does not articulate any prejudice from this interaction between the courtroom deputy and the jury, and the Court notes that the deputy was specifically instructed by the Court to check on the jury. The transcript reveals that the deputy complied with Court's request quickly and without delay. Petitioner has not established either deficiency or prejudice for his counsel's failure to object to this first instance of court staff interaction with the jury.

With respect to the second alleged instance, Petitioner has not cited to a specific reference in the transcript. Instead, he states that without any instruction or authorization, "a member of the court arose and went into the jury room while the jury was deliberating and deciding the verdict . . . ." (Motion at 7.) Petitioner argues that the court personnel was in the jury room for 10 minutes and that he told his counsel to object but instead counsel told him to be quiet. (Id.) The Court has reviewed the rough copy of the portion of the transcript which was not transcribed as part of the trial transcript (which includes closing arguments, jury instructions, jury questions and the jury verdict) and recalls two further instances when the courtroom deputy entered the jury room. The first occurred when the Court asked all the jurors, except the alternates, to enter the jury room to begin deliberations. Just after the Court sent the jurors into the jury room, the Court asked the courtroom deputy to take the jury instructions, Bill of Indictment and the jury forms to the jurors in the jury room. The deputy promptly complied with Court's request and took no longer than necessary to do so. Next, at 4:46 p.m. on November 6, 2007, the jury asked to see the deportation verification forms, Exhibit No. 6. The courtroom deputy complied with the jurors' request and took Exhibit No.

6 into the jury room. The jury returned a guilty verdict 9 minutes later.

The Court specifically recalls these instances cited above and can say, without hesitation, that there were no other instances when any court staff improperly entered the jury room for a period of ten minutes while the jury was deliberating. Petitioner's conclusory allegation falls far short of the "clear, strong, substantial and incontrovertible evidence that a specific, non-speculative impropriety has occurred." United States v. Ianniello, 866 F.2d 540, 543 (2d Cir. 1989). Further, Petitioner has not established either prong of the Strickland test, and thus his claim must fail.

### III. CONCLUSION

The Court has considered the pleadings and documents submitted by the Petitioner and the entire record of this matter and finds that it is clear that Petitioner is not entitled to relief on any of his claims.

### IV. ORDER

**IT IS, THEREFORE ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence(Doc. No. 1) is **DENIED and DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller -El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

**SO ORDERED**.

Signed: August 2, 2010

Frank D. Whitney
United States District Judge